ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:16-CR-284-N |
| JOSE FLORES (03) | |

## PLEA AGREEMENT

Jose Flores (Defendant), his attorney, Phil Umphres, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Defendant understands that he has the rights

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to have his guilt proven beyond a reasonable doubt;

   d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

   e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:  Defendant waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) and (b)(1)(C)). Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.     **Sentence**:   The minimum and maximum penalties the Court can impose include:

> $1,000,000 fine and not more than twenty (20) years imprisonment, plus a term of supervised release of not less than 3 years.  If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement.  Further the Court must impose a Mandatory Special Assessment of $100.00.

4.     **Court's sentencing discretion and role of the Guidelines**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines ("Guidelines").  The Guidelines are not binding on the Court, but are advisory only.  Defendant has reviewed the Guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case.  Defendant will not be allowed to withdraw his plea if his sentence is higher than expected.  Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory special assessment**:  Prior to sentencing, Defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.     **Defendant's agreement**: Defendant shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction.  Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  Defendant expressly authorizes the United

States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Defendant fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.    **Government's agreement**: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to Defendant's pleas of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

8.    **Forfeiture**: Defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal

cause. Defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. Defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9.      **Violation of agreement**: Defendant understands that if he violates any provision of this agreement, or if any guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution. If any plea is vacated or withdrawn for any reason other than a finding that they were involuntary, Defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**: These pleas of guilty are freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose.

11.     **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from

his conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  He further waives his right to contest his conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.   **Representation of counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  Defendant has received from his lawyer satisfactory explanations concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.  Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.   **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 19 day of ___July___, 2016.

JOHN R. PARKER
UNITED STATES ATTORNEY

_Flores Jose_
JOSE FLORES
Defendant

JOSHUA T. BURGESS
Assistant United States Attorney
State Bar of Texas No. 24001809
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455
Tel: 214-659-8600

PHIL UMPHRES
Attorney for Defendant

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_Flores Jose_                    19/07/16
JOSE FLORES                      Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

                                 7-19-2016
PHIL UMPHRES                     Date
Attorney for Defendant